BLECHER & COLLINS, P.C.
Maxwell M. Blecher (State Bar No. 26202)
  *mblecher@blechercollins.com*
Donald R. Pepperman (State Bar No. 109809)
  *dpepperman@blechercollins.com*
David W. Kesselman (State Bar No. 203838)
  *dkesselman@blechercollins.com*
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3334
Telephone: (213) 622-4222
Facsimile: (213) 622-1656

Attorneys for Plaintiff
ARMINAK & ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ARMINAK & ASSOCIATES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>SAINT-GOBAIN CALMAR, INC., now known as MEADWESTVACO CALMAR, INC.,<br><br>Defendant. | CASE NO. SACV 04-1455 CJC (AJWx)<br><br>**PLAINTIFF ARMINAK & ASSOCIATES, INC.'S RESPONSE TO DEFENDANT MEADWESTVACO CALMAR, INC.'S "NOTICE OF RULING"**<br><br>Date: No Hearing Set<br>Time: No Hearing Set<br>Court: 9B<br><br>Trial: None Set<br>Hon. Cormac J. Carney |

Plaintiff Arminak & Associates, Inc. ("Arminak") respectfully files this brief response to defendant MeadWestvaco Calmar, Inc.'s ("Calmar") "Notice of Ruling" filed in connection with its pending Motion for Partial Summary Judgment. Neither of the cases cited by defendant Calmar have any application to the motion under submission or the claims to be presented by plaintiff Arminak at trial.

The Ninth Circuit's recent decision in Brantley v. NBC Universal, Inc.,

1

1 Civ. No. 09-56785, Slip Opinion, filed on June 3, 2011, relates to a
2 consumer class action.  Brantley involved a single claim under Section 1 of
3 the Sherman Act (15 U.S.C. § 1) alleging that certain
4 contracts/arrangements between defendant Programmers of television
5 programming and cable/satellite defendant Distributors unreasonably
6 restrained trade by eliminating, in material part, the competition among
7 cable Distributors and reducing consumer choice and increasing prices.
8 The Ninth Circuit characterizing the claim as one akin to "tying" or
9 "bundling," stated that in a vertical context, "limitations on the manner in
10 which Distributors compete with one another do not, without more,
11 constitute a cognizable injury to competition." (Id. at 7436.)  Plaintiff
12 Arminak has asserted no such claims as to which it alleges harm to
13 consumers flowing from a restraint in a downstream market.  What is
14 applicable, however, is the Ninth Circuit's recognition that, in the context of
15 exclusive dealing, "[a]greements that foreclose competitors from entering
16 the market are likewise deemed to injure competition." (Id. at 7433.)

17     Finally, the Fourth Circuit's decision in Abcor Corp. v. Am Int'l, Inc.,
18 916 F.2d 924 (4th Cir. 1990) is equally inapplicable.  In Abcor, the Fourth
19 Circuit affirmed the district court's grant of summary judgment finding that
20 none of the complained of acts constituted an antitrust violation either
21 standing alone, or when aggregated.  As this Court is well aware, plaintiff
22 Arminak will not be putting on a "monopoly broth" case at trial.

23
24 Dated:   June 7, 2011                   BLECHER & COLLINS, P.C.
25
26                                                By:  /s/ Maxwell M. Blecher
                                                  MAXWELL M. BLECHER
27                                                    Attorneys for Plaintiff
                                            Arminak & Associates, Inc.
28 46764.1

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW